UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MILTON AL STEWART,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>               Plaintiff,<br><br>v.<br><br>KNS CONSTRUCTION SERVICES, INC. and<br>JAIME RENGIFO, an individual and Its Successors<br><br>               Defendants. | FILE NO.<br><br>0:21-cv-60233<br><br><br><br><br><br>**C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff Milton Al Stewart, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action pursuant to § 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the Act, to have Defendants KNS Construction Services, Inc., and Jaime Rengifo an individual (hereinafter referred to collectively as "Defendants") enjoined from violating §§ 7 and 11(c) of the Act, 29 U.S.C. §§ 207, and 211(c), and, pursuant to §16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid wages together with an equal amount as liquidated damages.

I

Jurisdiction hereof is conferred upon the Court by § 17 of the Act, 29 U.S.C. § 217, to enjoin violations of the Act and to restrain the withholding of back wages due under the Act; and by 28 U.S.C. § 1345 to award additional amounts, equal to back wages due, as liquidated damages under § 16(c) of the Act, 29 U.S.C. § 216(c).

II

    A.    Defendant KNS Construction Services, Inc., at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Fort Lauderdale, Florida, engaged in painting services for new residences in South Florida.

    B.    Defendant Jaime Rengifo, is the sole owner of KNS Construction Services, Inc., is involved in the day to day operations and made decisions regarding employees pay. Defendant Jaime Rengifo, doing business in Fort Lauderdale, Florida, at all times hereinafter mentioned acted directly or indirectly in the interest of the aforesaid KNS Construction Services, Inc., in relation to their employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203 (d).

III

At all times hereinafter mentioned:

    A.    Defendants engaged in related activities, performed either through unified operation or common control for a common business purpose, that constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203 (r); and

    B.    Such enterprise, which employed employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(a) of the Act, 29 U.S.C. §§ 203(s)(l)(a)(i) and (ii).

IV

Since June 24, 2015, Defendants repeatedly violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay employees, including employees classified as painters, who are employed in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

V

Since June 24, 2015, Defendants, an employer subject to the provisions of the Act, repeatedly and willfully violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed as drivers and helpers and of the wages, hours and other conditions and practices of employment maintained by Defendant, as prescribed in the aforesaid Regulations.

VI

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

A. Pursuant to §17 of the Act, 29 U.S.C. § 217 permanently enjoining Defendants, its agents, servants, employees and all persons in active concert or participation with it from violating the provisions of §§ 6, 7, 11(c) and 15 of the Act;

B. Pursuant to § 16(c) of the Act, 29 U.S.C. § 216 (c), awarding back wages for the period under the applicable statute of limitations and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and

      C.    For such other and further relief as may be necessary and appropriate including costs of this action.

Dated: November 28, 2020

| | |
|---|---|
| ADDRESSES: | Office of the Solicitor<br>U.S. Department of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA 30303<br>(404) 302-5455<br>(404) 302-5438 (FAX)<br>E-mail:  walter.robert@dol.gov<br>        graeber.rachel@dol.gov<br>        ATL.Fedcourt@dol.gov | STANLEY E. KEEN<br>Deputy Solicitor for National Operations<br><br>TREMELLE I. HOWARD<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel<br><br>*/s/ Rachel L. Graeber*<br>RACHEL L. GRAEBER<br>Senior Trial Attorney |
| SOL Case No. 19-00061 | Attorneys for the Secretary of Labor,<br>U. S. Department of Labor. |